KAREN NELSON MOORE, Circuit Judge,
dissenting.
Although district courts have discretion in calculating fee awards, this discretion is not absolute. Adcock-Ladd v. Sec’y of Treasury, 227 F.3d 343, 349 (6th Cir.2000). “Among other things, the district court ‘must provide a clear and concise explanation of its reasons for the fee award.’ ” Id. (quoting Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir.1995)). As to both the hours and the rate that the district court used its calculation, the attorney fee award in this case was unreasonable.
In selecting an hourly rate based on 2007 figures, the district court failed to consider the fact that this litigation lasted until 2009. As we have held, “the district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees.” Gonter v. Hunt Valve Co., 510 F.3d 610, 617 (6th Cir.2007). The district court gave no such explanation in this case. The district court assumed that Bell’s counsel had to turn down other business opportunities due to the length of Bell’s case, but this passing observation was part of the opinion’s analysis of whether to enhance or reduce the ultimate lodestar amount, not what hourly rate to apply. Moreover, opportunity costs are not the only consideration in selecting a reasonable rate in instances of delayed payment; the time value of money, for example, is also a factor.
The district court cut counsel’s requested hours from 1618 hours to 508 hours, a reduction of approximately seventy percent. Although a district court can make properly supported across-the-board reductions in the number of hours in the requested fee award, Prefix has not identified, and I have not found, any case in which the reduction was as high as the seventy-percent cut in this case. Because the district court identified some troubling *504 entries and practices in the fee request, a reduction of some degree was not an abuse of discretion. Such a drastic cut necessitates a more thorough and specific explanation, however.
The district court relied heavily on a comparison with the unrelated case of Barrett v. Detroit Heading, LLC, No. 05-72341, 2007 WL 1655434 (E.D.Mich. June 7, 2007), aff’d on other grounds, 311 Fed.Appx. 779 (6th Cir.2009); No. 05-72341, 2009 WL 3465366 (E.D.Mich. Oct. 23, 2009), to determine an appropriate number of hours in this case. We never reviewed, let alone approved, the fee award in Barrett. Although the district court identified some similarities and some differences between Barrett and this case, it did not address other relevant points of comparison. The district court did not state, for example, whether the motions practice in Barrett was as extensive as in this case.[1] Although we have held that the hourly rates used to calculate fee awards in prior cases can sometimes be relevant, B & G Mining, Inc. v. Dir., Office of Workers’ Comp. Programs, 522 F.3d 657, 664 (6th Cir.2008), neither the district court nor Prefix cited any authority for the proposition that a “reasonable hours” determination from a prior case should inform the award in a subsequent case. Moreover, having a district court rely on the fees that it awarded in one previous case in calculating other awards in other eases could lead to a self-perpetuating cycle in which any requested amount that is greater than the previous award is rejected as unreasonable. The district court must instead evaluate the circumstances of the particular case before it.
Finally, the district court did not explain why it refused to award costs for the expert fees of Robert Zimmerman. The FMLA expressly provides for recovery of “reasonable expert witness fees,” 29 U.S.C. § 2617(a)(3). The fact-that the district court denied Prefix’s motion in limine to exclude Zimmerman’s testimony suggests that fees incurred in procuring that testimony were reasonable, and thus taxable. Because the district court did not identify any reason that such costs were unreasonable, the court should have included them in the cost award.

. On a related point, the district court found that the extended scope of this litigation was attributable to both parties, but did not make any comparison of the number of hours worked by counsel for each side when determining how many of Bell's counsel’s hours were reasonable. Counsel for Prefix sought approximately'$56,500 in attorney fees for the pre-appeal period in this case; for the same period, Bell’s counsel sought approximately $68,500. A fee award need not exactly parallel the amount charged by opposing counsel, but that amount is not irrelevant. Moreover, the fact that Bell’s counsel may have expended some time filing and arguing unnecessary motions does not mean that they should not be compensated for time spent responding to equally unnecessary motions filed by Prefix.